UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
    v.                              )   Criminal No. 10-0298 (PLF)
                                    )
CHARLES IKE EMOR,                   )
                                    )
        Defendant                   )
_____ )

MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion made by the United States requesting that the Court admit in evidence the entirety of Government Exhibit No. 219, which is the grand jury testimony of Mr. Louis Leibowitz of October 29, 2010. Upon consideration of the parties' papers, the relevant legal authorities, and the entire record in this case, the Court grants in part and denies in part the United States' motion.[1]

On October 29, 2010, Louis Leibowitz testified before the grand jury investigating Mr. Emor. Mr. Leibowitz made several statements that the government asserts are inconsistent with the testimony he gave before this Court during an evidentiary hearing on October 18, 2011. During the hearing, the government identified the areas in which it believes that Mr. Leibowitz provided testimony inconsistent with his grand jury testimony, and it proceeded to cross-examine him regarding his potentially inconsistent statements.

---

[1] The documents reviewed by the Court include the following: Government's Supplemental Memorandum of Law Regarding Admissibility of Grand Jury Transcript [Dkt. No. 64] ("Supp. Mem."); Mr. Emor's Response to Government's Supplemental Memorandum of Law [Dkt. No. 79] ("Response"); Transcript of Evidentiary Hearing, Oct. 18, 2011, P.M. Session [Dkt. No. 85] ("Evid. Hearing Tr.").

The Court permitted the government to utilize Mr. Leibowitz's statements before the grand jury for impeachment purposes at the evidentiary hearing. But the Court did not determine whether Mr. Leibowitz's grand jury testimony also may be admitted as substantive evidence. At the hearing, the government moved to admit either portions or the entirety of Mr. Leibowitz's grand jury testimony in evidence. See Evid. Hearing Tr. at 44.[2]

The Federal Rules of Evidence provide that an out-of-court statement is not hearsay (and is admissible as substantive evidence) if "[t]he declarant testifies and is subject to cross-examination about a prior statement, and the statement . . . is inconsistent with the declarant's testimony and was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition." FED. R. EVID. 801(d)(1)(A). The "essential requirements" of Rule 801(d)(1)(A) are that "(1) the declarant testifies at the trial; (2) the declarant is subject to cross-examination concerning the statement; (3) the statement is inconsistent with his present testimony; and, (4) the statement was given under oath." Alexander v. Conveyors & Dumpers, Inc., 731 F.2d 1221, 1231 (5th Cir. 1984); see also United States v. Milton, 8 F.3d 39, 46-47 (D.C. Cir. 1993) (discussing requirements of Rule 801(d)(1)(A)); Owens v. National Medical Care, Inc., 337 F. Supp. 2d 131, 140 n.5 (D.D.C. 2004).

It is established that Rule 801(d)(1)(A) encompasses prior statements made to a grand jury. See United States v. Livingston, 661 F.2d 239, 243 (D.C. Cir. 1981) (noting that a grand jury proceeding is "the paradigmatic 'other proceeding'" within the meaning of Rule

---

[2] The United States requested that the Court consider Mr. Leibowitz's grand jury testimony in determining the defendant's sentence. Supp. Mem. at 1. The defendant has already been sentenced, see Judgment (Nov. 17, 2011) [Dkt. No. 73], but the matters discussed in Mr. Leibowitz's testimony may be relevant to the Court's determination of the proper amounts subject to restitution and forfeiture, a determination that the parties agreed to postpone until after sentencing.

801(d)(1)(A)) (citing United States v. Castro-Ayon, 537 F.2d 1055, 1057 & n.3 (9th Cir. 1976)); United States v. Milton, 8 F.3d at 46-47 (affirming admission under Rule 801(d)(1)(A) of witness's grand jury testimony inconsistent with witness's testimony at trial).  Because Mr. Leibowitz testified before the Court and was subject to cross-examination regarding his allegedly inconsistent prior statements made to the grand jury, and because those prior statements were given under oath, the Court will admit Mr. Leibowitz's assertedly inconsistent statements to the grand jury as substantive evidence under Rule 801(d)(1)(A).

    The government also requests that the *entirety* of Mr. Leibowitz's grand jury testimony be admitted in evidence because that testimony "omitted much of the information he now espouses to recall in great detail during his [evidentiary hearing testimony] regarding defendant Emor and Core Ventures and in the document drafted by the defense and signed by Mr. Leibowitz entitled 'Statement of Louis Leibowitz, CPA.'"  Supp. Mem. at 5.  The entire grand jury testimony "thus reflects the omissions of information and details necessary for the court to consider his memory and credibility regarding defendant's conduct and Core Ventures." Id. at 6.  None of the cases cited by the government, however, supports the proposition that a witness's entire grand jury transcript may be admitted in evidence if only parts of it are inconsistent with testimony given before the Court.  See, e.g., United States v. Branham, 515 F.3d 1268, 1274 n.1 (D.C. Cir. 2008) ("Although [the witness's] trial testimony was inconsistent with some parts of her grand jury testimony, *those parts* were admissible as substantive evidence, see FED. R. EVID. 801(d)(1), and a reasonable juror could have credited the grand jury testimony.") (emphasis added).

Turning from its arguments under the Federal Rules of Evidence, the government next offers United States v. Bras, 483 F.3d 103 (D.C. Cir. 2007), and 18 U.S.C. § 3661 for the proposition that the Court may consider "any evidence" to guide it in sentencing. Supp. Mem. at 5.[3] The government, of course, is right. Under Williams v. New York, a sentencing court may consider hearsay and other out-of-court information to "'guide [its] judgment toward a more enlightened and just sentence.'" United States v. Bras, 483 F.3d at 108 (quoting Williams v. New York, 337 U.S. 241, 251 (1949)). Whether the Court will in fact consider the entirety of Mr. Leibowitz's grand jury testimony — or any additional portions of it — is a matter to be considered later as the Court crafts its findings of fact in this case. In making that determination, the Court will bear in mind, however, that the government has provided no specifics about the information that Mr. Leibowitz purportedly "omitted" from his grand jury testimony but now "espouses to recall in great detail." Supp. Mem. at 5. It will also consider the fact that the government had the opportunity to cross-examine Mr. Leibowitz about any such omissions and did not do so. As a result, the Court is less well-positioned to assess whether any apparent discrepancies truly reflect negatively on Mr. Leibowitz's credibility or memory.

For the foregoing reasons, it is hereby

---

[3] Section 3661 provides: "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Presumably for that reason, the Federal Rules themselves provide that the Federal Rules of Evidence do not apply to sentencing hearings. See FED. R. EVID. 1101(d)(3).

ORDERED that the United States' motion to admit Government Exhibit No. 219 [Docket No. 64] is GRANTED in part and DENIED in part, as explained in this Memorandum Opinion and Order.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:   February 13, 2012